**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **ROBERT MOSTELLER, ON BEHALF OF HIMSELF AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,** | § § § § | |
| **PLAINTIFF,** | § § | |
| **V.** | § § | **CIVIL ACTION NO. : 4:20-CV-4162** **JURY TRIAL DEMANDED** |
| **GULF INTERSTATE FIELD SERVICES, INC.,** | § § § | |
| **DEFENDANT.** | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**
**COLLECTIVE ACTION & JURY DEMAND**

1.      Defendant Gulf Interstate Field Services, Inc. ("Defendant") required Robert Mosteller ("Plaintiff") to work more than forty hours in a workweek without overtime compensation.  Defendant misclassified Plaintiff and other similarly situated workers throughout the United States as exempt from overtime under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

2.      Defendant's conduct violates the FLSA, which requires non-exempt employees to be compensated for all hours in excess of forty in a workweek at one and one-half times their regular rates of pay. *See* 29 U.S.C. § 207(a).  On behalf of himself and all other similarly situated employees, Plaintiff brings this action as a collective action under the FLSA, 29 U.S.C. § 216(b). Members of the collective action are referred to as the "FLSA Class Members."

**SUBJECT MATTER JURISDICTION AND VENUE**

3.       This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.      Venue is proper in this District because a Defendant's United States headquarters is in this District, because Defendant does a sizeable portion of its business in this District, and many of the wrongs herein alleged occurred in this District.

## PARTIES AND PERSONAL JURISDICTION

5.      Plaintiff Robert Mosteller is an individual residing in Lincoln County, West Virginia.  Plaintiff's written consent to this action is attached hereto as Exhibit "A."  Plaintiff performed work for Defendant within the last three years for which he did not receive the FLSA's required overtime.

6.      The FLSA Class Members are all current and former inspectors, and all employees in substantially similar positions, that worked at any time during the three-year period before the filing of this Complaint that were paid on a day rate.

7.      Defendant Gulf Interstate Field Services, Inc., is a company organized under the laws of Delaware. Defendant may be served process through its Registered Agent, Registered Agent Solutions, Inc., at 1701 Directors Blvd, Suite 300, Austin, Texas 78744.

8.      Defendant is headquartered in Houston, Texas but operates nationwide.

## COVERAGE

9.      At all material times, Defendant has been an employer within the meaning of 3(d) of the FLSA.  29 U.S.C. § 203(d).

10.      At all material times, Defendant has been an enterprise within the meaning of 3(r) of the FLSA.  29 U.S.C. § 203(r).

11.      At all material times, Defendant has been an enterprise or enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because Defendant has had and continues to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

2

12.     Furthermore, Defendant has an annual gross business volume of not less than $500,000.

13.     At all material times, Plaintiff and Class Members were employees who engaged in commerce or in the production of goods for commerce as required by 29 USC § 207.

## FACTS

14.     Gulf Interstate Field Services, Inc.'s corporate headquarters is located at 16010 Bakers Point Lane, Ste. 600 Houston, Texas 77079.

15.     Defendant Gulf Interstate Field Services, Inc. is a wholly owned subsidiary of Gulf Interstate Engineering Company ("GIEC").

16.     Defendant Gulf Interstate Field Services, Inc., operates in the inspection industry.

17.     Defendant provides inspection services for the energy industry. Specifically, Defendant performs pipeline inspection services, materials management, construction management, and other services both onshore, offshore, domestic and international energy transportation projects.

18.     Plaintiff worked for Defendant as a pipeline inspector from approximately November 2017 up until March 2019.

19.     Plaintiff worked for Defendant in West Virginia.

20.     Defendant classified Plaintiff as an employee.

21.     As an inspector, Plaintiff was responsible for performing welding inspections on pipelines and facilities owned and operated by Defendant's customers.

22.     For his labor, Defendant paid Plaintiff a day rate but did not pay him overtime for his hours in excess of forty per week. In other words, Defendant misclassified Plaintiff as exempt.

23.     Plaintiff was paid a day-rate.

3

24.    Plaintiff is a non-exempt employee.

25.    Plaintiff was not guaranteed a weekly salary.

26.    Defendant paid dozens of other inspectors classified as employees throughout the United States on the same day rate compensation system as Plaintiff.

27.    Defendant employs a variety of inspectors, such as utility inspectors, trenching inspectors, coating inspectors, welding inspectors, environmental inspectors, and testing inspectors that it pays a day rate.

28.    All inspectors have the same basic job duties.

29.    Plaintiff and other inspectors commonly work in excess of 12 hours each day.

30.    Inspectors usually work five to seven days each week, for a schedule that equates into workweeks well exceeding 40 hours.

31.    However, despite working overtime hours, Defendant does not pay its inspectors overtime because it pays the same flat day rate regardless on the number of hours worked.

32.    Defendant also paid Plaintiff and all other inspectors per diem and mileage.

33.    No exemption in the FLSA shelters Defendant from paying overtime to its inspectors.

34.    Inspectors like Plaintiff are not guaranteed a set number of days to work per week.

35.    Inspectors like Plaintiff are not guaranteed a set weekly payment.

36.    Inspectors are paid on a day rate basis, not on a salary basis.

37.    Plaintiff was paid on a day rate basis, not on a salary basis.

38.    Plaintiff was not paid time-and-a-half for all hours worked over forty in a given workweek.

39.    Plaintiff worked overtime as defined in the FLSA.

4

40.     Other inspectors employed by Defendant worked overtime as defined in the FLSA.

41.     Because Inspectors are on a day rate, the executive, administrative, or professional exemptions cannot apply.  *See* 29 C.F.R. §§ 541.100, 541.200, 541.300.

42.     Inspectors do not supervise other employees or manage a customarily recognized department of Defendant's company.

43.     Inspectors have no authority to hire or fire other employees.

44.     Inspectors are field employees, not office employees.  They perform work related to Defendant's core business, not the management of the company's operations.

45.     Inspectors also perform extensive physical labor to perform their inspection work.

46.     The primary duty of an inspector does not require independent judgment or discretion.  Instead, inspectors are required to carry out their inspections according to detailed step-by-step procedures promulgated by Defendant or Defendant's customers.

47.     The FLSA's regulations even provide that inspection work is non-exempt work:

> Ordinary inspection work generally does not meet the duties requirements for the administrative exemption.  Inspectors normally perform specialized work along standardized lines involving well-established techniques and procedures which may have been catalogued and described in manuals and other sources.  Such inspectors rely on techniques and skills acquired by special training or experience.  They have some leeway in the performance of their work but only within closely prescribed limits.

29 C.F.R. 541.203(g).

48.     Inspectors are not computer-systems analysts, computer programmers, software engineers, or other similar employees.

49.     Despite these facts, Defendant misclassified its inspectors as exempt from overtime pay.

50.     As a result of Defendant's pay policies, Plaintiff and other inspectors were denied overtime pay.

51.     Inspectors have complained to Defendant about the lack of overtime pay.

52.     Defendant has been sued a number of times before for violations of the FLSA.

53.     Defendant has yet to change its pay practices.

54.     Defendant was previously on notice that paying a day rate without overtime is a violation of the FLSA yet failed to take corrective course of conduct.

55.     Defendant knew or showed reckless disregard for whether Plaintiff and the other inspectors were entitled to overtime pay under the law.

## COUNT ONE: VIOLATION OF 29 U.S.C. § 207

56.     Plaintiff incorporates all allegations contained in the foregoing paragraphs.

57.     Defendant's practice of failing to pay Plaintiff time-and-a-half for all hours worked in excess of forty (40) per workweek violates the FLSA.  29 U.S.C. § 207.

58.     None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are paid are applicable to Defendant, Plaintiff, or the FLSA Class Members.

## COLLECTIVE ACTION ALLEGATIONS

59.     Plaintiff has actual knowledge that FLSA Class Members have also been denied overtime pay for hours worked over forty (40) hours in a workweek as a result of Defendant's misclassification of its employees.

60.     Plaintiff's knowledge is based on his personal work experience and through communications with other workers of Defendant.  Plaintiff personally worked with other

inspectors under the same compensation structure at multiple job sites and in multiple states for Defendant.

61.     Other workers similarly situated to the Plaintiff worked for Defendant throughout the United States but were not paid overtime at the rate of one and one-half their regular rates of pay when those hours exceeded forty (40) hours in a workweek.

62.     Although Defendant permitted and/or required FLSA Class Members to work in excess of forty (40) hours in a workweek, Defendant denied them full compensation for their hours worked over forty (40).

63.     Defendant misclassified and continues to misclassify FLSA Class Members as exempt employees.

64.     FLSA Class Members perform or have performed the same or similar work as Plaintiff and were misclassified as exempt by Defendant.

65.     Plaintiff had the same job duties as other employees of Defendant who had the same job title as Plaintiff and worked for Defendant at any time during the three years prior to the filing of this lawsuit.

66.     FLSA Class Members are not exempt from receiving overtime pay under the FLSA.

67.     As such, FLSA Class Members are similar to Plaintiff in terms of relevant job duties, pay structure, misclassification as exempt employees and/or the denial of overtime pay.

68.     Defendant's failure to pay overtime compensation at the rate required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of any FLSA Class Member.

69.     Defendant employed at least 20 other inspectors within the last 3 years who were paid on a day rate.

70.     Defendant employed at least 100 other inspectors within the last 3 years who were paid on a day rate.

71.     Defendant employed at least 40 other employees with the same job title as Plaintiff who were not paid overtime.

72.     Defendant employed at least 50 other employees with the same job title as Plaintiff who worked overtime for at least one week during their employment with Defendant and were not paid one and one-half times their regular rate of pay for all overtime hours worked.

73.     The experiences of Plaintiff, with respect to his pay, hours, and duties are typical of the experiences of the FLSA Class Members.

74.     The specific job titles or precise job responsibilities of each FLSA Class Member does not prevent collective treatment.

75.     All utility inspectors employed by Defendant have the same job duties.

76.     All trenching inspectors employed by Defendant have the same job duties.

77.     All coating inspectors employed by Defendant have the same job duties.

78.     All welding inspectors employed by Defendant have the same job duties.

79.     All environmental inspectors employed by Defendant have the same job duties.

80.     All testing inspectors employed by Defendant have the same job duties.

81.     All FLSA Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty (40) in a workweek.

82.     Although the exact amount of damages may vary among the FLSA Class Members, the damages for the FLSA Class Members can be easily calculated by a simple formula. The claims of all FLSA Class Members arise from a common nucleus of facts.  Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all FLSA Class Members.

83.     As such, the class of similarly situated Plaintiffs for the FLSA Class is properly

defined as follows:

> All current and former inspectors, and all employees with
> substantially similar duties, who worked for Defendant at any time
> during the three-year period before the filing of this Complaint to
> present that were paid a day rate.

## JURY DEMAND

84.     Plaintiff and Class Members hereby demand trial by jury on all issues.

## PRAYER

85.     For these reasons, Plaintiff prays for:

a.  An order designating the FLSA Class as a collective action and authorizing notice
pursuant to 29 U.S.C. § 216(b) to all inspectors and all similarly situated employees
to permit them to join this action by filing a written notice of consent;

b.  A judgment against Defendant awarding Plaintiff and the FLSA Class Members all
their unpaid overtime compensation and liquidated damages;

c.  An order awarding attorneys' fees, prejudgment interest, and costs;

d.  Such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: /s/ Beatriz Sosa-Morris
Beatriz Sosa-Morris
SOSA-MORRIS NEUMAN
ATTORNEYS AT LAW
BSosaMorris@smnlawfirm.com
Texas State Bar No. 24076154
5612 Chaucer Drive
Houston, Texas 77005
Telephone: (281) 885-8844
Facsimile: (281) 885-8813

LEAD ATTORNEY IN CHARGE FOR PLAINTIFF AND
CLASS MEMBERS

OF COUNSEL:
John Neuman
JNeuman@smnlawfirm.com
State Bar No. 24083560
SOSA-MORRIS NEUMAN
ATTORNEYS AT LAW
5612 Chaucer Drive
Houston, Texas 77005
Telephone: (281) 885-8630
Facsimile: (281) 885-8813